UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JOHN ROSS HAROLD                    CIVIL ACTION NO. 11-cv-1744

VERSUS                              JUDGE HICKS

JAMES LEBLANC, ET AL                MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

**Introduction**

John Ross Harold ("Plaintiff") who is self-represented, filed this action while he was held at the David Wade Correctional Center.  He has since been released.  Plaintiff alleged that Sgt. James Godwin sexually abused him by pinching him on the buttock, prison officials did not adequately address Plaintiff's resulting grievance, and that Plaintiff was subjected to retaliation after he complained.  Before the court is a Motion for Summary Judgment (Doc. 55) filed by the defendants.  The motion was noticed for briefing, but Plaintiff has not filed any response.  For the reasons that follow, it is recommended that the motion be granted.

**The Allegations**

Defendants do not offer any affidavits or other competent evidence to contest the allegations in Plaintiff's complaint, so the motion must be resolved based on the facts alleged in the Amended Complaint.  Doc. 9.  Plaintiff alleged that he was wearing boxer shorts and doing squats in his cell, with his back to the cell door, as he waited his turn to take a shower.  Sgt. Godwin reached through the tray hatch of the cell and grabbed Plaintiff's buttocks and

said, "I got that ass."  Plaintiff requested immediate medical attention, and he was soon seen by Nurse Tucker.  She cleaned a scratch that Godwin left on Plaintiff's buttock, and dressed the scratch with Neosporin and a Band-Aid.  Amended Complaint, ¶¶ 1-14.

Plaintiff alleged in his complaint that photographs of his wound were taken.  Defendants attach two photographs to their motion, although there is no affidavit or other statement in the motion that identifies them as the relevant photographs.  They are labeled as photo of alleged injury.  Given the lack of opposition, the court will accept that representation despite the lack of an affidavit or other evidence on the issue.  The photos depict a small red dot that is no more significant than minor acne or a knee scrap that a toddler might incur without a whimper.

Plaintiff filed an administrative remedy procedure ("ARP") grievance about the incident.  He alleged in his complaint that DOC Secretary James LeBlanc, Warden Jerry Goodwin, and Deputy Warden Angie Huff violated his rights to equal protection when they did not reasonably respond to his grievance.  Plaintiff alleged in his complaint that on the morning after the assault he was moved to another tier where disruptive offenders are housed.  He was moved again a few days later, and a few weeks later was placed in a suicide cell despite him not being suicidal.  Plaintiff alleged that he later received several "bogus write-ups," was labeled a homosexual and a snitch, and was sprayed with chemical agent in retaliation for reporting the assault.

**Retaliation Claims Not Exhausted**

Prisoners are required to exhaust administrative remedies before filing suit.  Congress has commanded that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Defendants argue that Plaintiff's grievance raised only the assault claim so did not properly exhaust his claims of retaliation and other misdeeds.

Prison officials who raise the affirmative defense of failure to exhaust typically support their defense with an affidavit from an appropriate official who certifies a copy of the relevant ARP documents and testifies that there are no other ARP filings relevant to the claims presented in the complaint.  Defendants did not do that in this case.  Instead, they pointed to the ARP documents attached to Plaintiff's amended complaint at Doc. 9.  Those documents do not include the original grievance, but the response to the original and Plaintiff's step-two appeal provide enough information, given the lack of opposition to the motion, to sustain the defense.

The first-step response began by stating that Asst. Warden Angie Huff had reviewed Plaintiff's complaint "where you allege being sexually assaulted by  Sgt. Godwin."  She recited the facts alleged by Plaintiff, which are similar to those set forth above, and stated that the allegations had been investigated.  Godwin admitted reaching into the cell but said he did so when Plaintiff stopped him and asked Godwin to pass a piece of paper to another offender.  Godwin said that he could not reach the paper, so he walked away.  Godwin denied

touching Plaintiff.  Several inmates on the tier were interviewed but did not report seeing or hearing anything that corroborated Plaintiff's allegations.  With regard to the medical care, Huff wrote that Nurse Tucker noted "a small amount of blood that appeared to be an old scab that had been removed too early."  Huff concluded that there was not enough evidence to substantiate a complaint of sexual assaultive behavior.

Plaintiff lodged a step-two appeal to Secretary LeBlanc.  He repeated his allegations about the contact and argued that the scenario described by Sgt. Godwin did not make sense. He also insisted that the injury was a scratch caused by Godwin.  Secretary LeBlanc's designee issued a decision that accepted the staff's position and found the allegations could not be substantiated.

The Fifth Circuit has instructed that a court must interpret the exhaustion requirement in light of its purposes, which include the goal of giving officials time and opportunity to address complaints internally.  "Thus, a grievance should be considered sufficient to the extent that the grievance gives officials a fair opportunity to address the problem that will later form the basis of the law suit." Johnson v. Johnson, 385 F.3d 503, 516-17 (5th Cir. 2004).

There is no evidence that Plaintiff presented any grievance regarding his allegations of post-incident retaliation in the form of transfers, defamatory rumors, or other misconduct. The sole focus of the grievance was the alleged sexual assault by Sgt. Godwin.  There is no mention of any alleged misconduct by any other prison official or reference to retaliatory acts.  The grievance did not, therefore, give officials a fair opportunity to address the any

claim except the allegation against Sgt. Godwin.  All of the other claims presented in the complaint should be dismissed with prejudice to refiling in forma pauperis.  See Fitch v. LA Dept. of Public Safety & Corrections, 2009 WL1076749 *3 (W.D. La. 2009) (explaining why unexhausted claims should be dismissed with prejudice).

**The Claim Against Sgt. Godwin**

The sexual abuse of a prisoner by prison officials may, under some circumstances, violate the prisoner's right to be free of cruel and unusual punishment under the Eighth Amendment.  Brown v. Sloan, 2010 WL 476720 (W.D. La. 2010), citing Boddie v. Schnieder, 105 F.3d 857, 860-61 (2d Cir. 1997).  Sexual assault violates the Eighth Amendment only if it meets a two-part test consisting of an objective and subjective element. First, the assault must be objectively sufficiently serious.  Second, the official involved must have acted with deliberate indifference, meaning a sufficiently culpable state of mind.  Id. The Eighth Amendment is not triggered by de minimis uses of physical force, provided the use of force is not of a sort repugnant to the conscience of mankind.  Copeland v. Nunan, 250 F.3d 743 (5th Cir. 2001) (unpublished).  "[N]ot every malevolent touching gives rise to a federal cause of action."  Id.

The Constitution does not require a significant injury as a threshold requirement to state an excessive force claim.  The focus is on the amount of force used and whether it was applied in good faith or maliciously and sadistically to cause harm.  The extent of injury suffered is, however, a factor that may suggest whether the use of force was excessive.

Wilkins v. Gaddy, 130 S.Ct. 1175, 1178 (2010).  An inmate who complains of a "push or shove" that causes no discernible injury almost certainly fails to state a valid claim.  Id.

Courts have applied these standards to reject claims that involved sexual contact much more offensive than alleged by Plaintiff.  In Copeland, a prison pharmacist fondled an inmate's penis on three separate occasions and fondled his anus once.  There was no evidence of any physical or psychological injuries from the episodes.  The Fifth Circuit found that the touchings, though despicable, did not involve a harm of such federal constitutional proportions that they rose to the level of an Eighth Amendment violation.  In McGill v. Corrections Corp. of America, 2009 WL 790363 (W.D. La. 2009) the court dismissed a claim based on allegations that a physician fondled the inmate's penis and testicles without consent. Boddie affirmed the dismissal of a complaint by a male prisoner who alleged that a female officer touched and pressed against him a number of times without his consent.  The inmate in Brown alleged that an officer "sexually fondled" him during a shakedown, but he did not allege any injury.  Judge Drell adopted the recommendation of Magistrate Judge Kirk that the incident, if true, could potentially be the basis of a state law tort action but did not involve harm of federal constitutional proportion.

The conduct alleged by Plaintiff is not even necessarily sexual in nature.  It sounds more like what would be typical horseplay in free society.  In the prison setting, given the complete authority that officers have over prisoners, such action is less acceptable and should be avoided, but the single event described by Plaintiff does not rise to a constitutional level.  There was a single incident that lasted perhaps a second and would not likely have caused

any physical or psychological injury to most persons.  Plaintiff alleges that he did suffer a physical injury, but the evidence shows that it is probably the most minor harm that could be labeled an injury.  Defendants are entitled to summary judgment with respect to the claim that Godwin violated the Eighth Amendment.

**Administrative Satisfaction**

Plaintiff alleges in his complaint that Huff, Goodwin, and LeBlanc did not provide him with proper administrative intervention.  Plaintiff did not have a federally protected interest in having his grievance resolved to his satisfaction.  See Geiger v. Jowers, 404 F.3d 371, 373-74 (5th Cir. 2005).  Furthermore, the undisputed record indicates that officials questioned both Godwin and inmate witnesses in their investigation of the incident.  None of them supported Plaintiff's version of the events, so the persons reviewing the grievance cannot be faulted for not finding in Plaintiff's favor.

Accordingly,

**IT IS RECOMMENDED** that Defendants' **Motion for Summary Judgment (Doc. 55)** be **granted** and that all claims against all Defendants be **dismissed with prejudice**.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within seven (7) days after being served with a copy thereof.  Counsel are

directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 6th day of May, 2014.

Mark L. Hornsby
U.S. Magistrate Judge